UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALTER CLINE,

    Plaintiff,

v.        Case No.:  2:18-cv-292-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Walter Cline's Complaint, filed on April 30, 2018. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work or any other

substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B.     Procedural History

On August 12, 2015, Plaintiff filed an application and an amendment to the application for a period of disability and disability insurance benefits. (Tr. at 96, 193-198).[1] Plaintiff asserted an onset date of March 13, 2014. (*Id.* at 197). Plaintiff's applications were denied initially on September 25, 2015, and on reconsideration on January 28, 2016. (*Id.* at 96, 119). Administrative Law Judge Paul Greenberg ("ALJ") held a hearing on February 3, 2017. (*Id.* at 34-65). The ALJ issued an unfavorable decision on April 26, 2017. (*Id.* at 18-26). The ALJ found Plaintiff not to be under a disability at any time from March 13, 2014, the alleged onset date, through December 31, 2015, the date last insured. (*Id.* at 25).

On March 12, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on April 30, 2018. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 11).

---

[1] According to the ALJ, Plaintiff previously filed an application on August 3, 2012 for disability and disability insurance as well as for supplemental security income. (Tr. at 18 n.1). In both applications, Plaintiff alleged an onset date of July 9, 2012. (*Id.*). These claims were denied initially and on reconsideration. (*Id.*). ALJ S. D. Schwartzberg issued an unfavorable decision on March 12, 2014. (*Id.*). The Appeals Council denied review and Plaintiff appealed the decision to this Court. (*Id.*). This Court affirmed the decision of the Commissioner. (*Id.*); *see also Cline v. Comm'r of Soc. Sec.*, No. 2:15-CV-480-FTM-MRM, 2016 WL 4771627, at *1 (M.D. Fla. Sept. 14, 2016).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2015. (Tr. at 20). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of March 13, 2014, through his date last insured on December 31, 2015. (*Id.*). At step two, through the date last insured, the ALJ determined that Plaintiff suffered from the following severe impairment: "coronary artery disease status post heart attacks and bypass surgery (20 [C.F.R. §] 1520(c))." (*Id.* at 21). At step three, through the date last insured, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (*Id*. at 22).

At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except with these additional limitations: The claimant frequently can balance, stoop, kneel, crouch, and crawl. The claimant occasionally can climb ramps and stairs. The claimant cannot perform work climbing ladders, ropes, and scaffolds. The claimant must avoid concentrated exposure to work around unprotected heights and moving mechanical parts. The claimant cannot operate motorized equipment as part of a job.

(*Id.* at 22-23).

At step four, the ALJ determined that through the date last insured, Plaintiff was capable of performing his past relevant work as a salesperson/linens and salesperson/clothes as these jobs are commonly performed but not as actually performed. (*Id.* at 25). The ALJ further found that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises one issue that contains three sub-issues. As stated by the parties, the general issue is whether the ALJ's finding that Plaintiff's mental impairments were not severe and whether not including mental limitations in Plaintiff's RFC are legally sufficient. (Doc. 17 at 19). Within this issue, the Plaintiff asserts the following sub-issues: (1) whether the ALJ erred in finding that Plaintiff's mental impairments do not cause more than minimal functional limitations, and therefore are "severe impairments;" (2) whether the ALJ erred in failing to consider Plaintiff's treating psychiatrist's opinion; and (3) whether the ALJ erred in offering no reason for rejecting Plaintiff's 70% VA rating. (*Id.* at 19, 23, 25).

The Court first addresses the sub-issue of whether the ALJ erred in failing to consider Plaintiff's treating psychiatrist's opinion and then turns to the other issues raised.

### A. Whether the ALJ Erred in Failing to Consider Plaintiff's Treating Psychiatrist's Opinion

Plaintiff argues that the ALJ did not acknowledge or consider the opinion of Ronald R. Fox, M.D., Plaintiff's treating psychiatrist. (Doc. 17 at 23-25). Plaintiff argues that this medical opinion "plainly describes far greater and more detailed limitations than are set forth in the ALJ's mental RFC, since the ALJ did not include any mental limitations in the RFC finding." (*Id.* at 24).

The Commissioner asserts that to be eligible for disability insurance benefits, a plaintiff must prove that he became disabled prior to his date last insured. (*Id.* at 30). In this case, the Commissioner asserts that Plaintiff's date last insured was December 31, 2015. (*Id.*). The Commissioner argues that Dr. Fox's opinion is dated May 5, 2016, which post-dates the date last insured. (*Id.*). Further, the Commissioner argues that Dr. Fox's opinion "was undeniably given in furtherance of Plaintiff's claim for VA disability benefits (Tr. [at] 269-74, 685-86, 691)." (*Id.* at 31). Finally, the Commissioner argues that "[m]eanwhile, there is good cause to find that Dr. Fox's opinion is patently deficient. In particular, when Plaintiff brought the VA PTSD Form to Dr. Fox and begged him to fill it out in anticipation of his upcoming VA disability hearing, Plaintiff stated that, although he was not currently suicidal, he would think about suicide if his service-connected disability rating were to decrease (Tr. 691)." (*Id.* at 31).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental

restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In the decision, to support the RFC finding, the ALJ stated the following as to Plaintiff's mental health impairments:

> With regard to the opinion evidence relating to the claimant's mental health impairments, I give little weight to the opinions of State agency psychological consultants Jill Rowan, Ph.D., Heather Hernandez, Ph.D., and Mark Gibson, Ph.D. (Exhibit B4A, B5A, B9F). These are non[-]examining, non-treating sources. Although I concur generally that the functional impact of the claimant's medically determinable mental health conditions (PTSD, depression) are relatively mild (i.e., the B criteria), I disagree with their finding that the claimant's affective disorder is a severe impairment. The claimant's mental health conditions are longstanding, and they did not appear to limit his ability to work in a retail environment. His mental health treatment is routine, and the claimant himself indicated that he performed fairly well on his medications. The Department of Veterans Affairs actually reduced the claimant's service-related mental health disability rating from 70% to 30% in August 2015, which is during the period currently being adjudicated in this claim (Exhibit B3F/74).

(Tr. at 25-26).[3]

---

[3] The Court notes that the Commissioner asserts that the ALJ incorrectly stated that Plaintiff's VA rating dropped from 70% to 30%. (Doc. 17 at 32). Because the Court remands this action

In the decision, the ALJ does not acknowledge or address Dr. Fox's May 5, 2016 Review Post Traumatic Stress Disorder (PTSD) Disability Benefits Questionnaire. (*Id.* at 269-74). In the Questionnaire, Dr. Fox found that Plaintiff has been diagnosed with severe, chronic PTSD due to military sexual trauma ("MST"). (*Id.* at 269). Dr. Fox found that "[t]his veteran is in my medical opinion permanently and totally disabled from any meaningful employment as a direct result of MST → PTSD." (*Id.*). Dr. Fox also found that Plaintiff suffers from hypervigilance, sleep problems, extreme isolation, and nightmares. (*Id.* at 270). Dr. Fox stated that Plaintiff's PTSD was due to MST and results in severe impairments in all areas of daily life. (*Id.*). Further, he found that Plaintiff has been disabled due to the PTSD since June 2012. (*Id.* at 271).

Dr. Fox also found that Plaintiff has both occupational and social impairments due to the PTSD secondary to the MST. (*Id.*). To reach this opinion, Dr. Fox reviewed his medical records and other records in the Computerized Patient Record System ("CPRS") utilized by the Department of Veterans Affairs. (*Id.* at 271). In addition, Dr. Fox found, *inter alia*, that Plaintiff had difficulty falling or staying asleep, difficulty concentrating, hypervigilance, exaggerated startle response, depressed mood, anxiety, panic attacks that occur weekly or less often, difficulty in establishing and maintaining effective work and social relationships, and difficulty adapting to stressful circumstances, including work or work-like settings. (*Id.* at 272-73).

The Commissioner argues that Dr. Fox prepared his May 2016 opinion after the date last insured, and Plaintiff must prove that he is disabled prior to that date. (Doc. 17 at 30). The Court agrees that Plaintiff must prove that he is disabled prior to his date last insured of December 31, 2015. *See Stone v. Comm'r of Soc. Sec. Admin.*, 596 F. App'x 878, 879 (11th Cir.

---

for the Commissioner to reconsider Plaintiff's VA rating, the Court instructs the Commissioner to revisit Plaintiff's VA rating on remand to correct any error in this regard.

2015) (finding that an individual applying for disability insurance benefits must demonstrate disability on or before the last date on which he was insured to be eligible for benefits). The Court finds, however, that Dr. Fox considered the time frame of Plaintiff's disability and determined that Plaintiff had PTSD limitations since June 2012, prior to Plaintiff's date last insured of December 31, 2015. Thus, the Court finds that Dr. Fox's opinion applies to the relevant time period.

The Commissioner also argues that Dr. Fox's opinion is given in furtherance of obtaining VA benefits and his finding that Plaintiff is disabled is an issue reserved to the Commissioner. (Doc. 17 at 31). The Court agrees that a disability finding is reserved to the Commissioner. *Moon v. Comm'r of Soc. Sec.*, No. 8:12-CV-02911-T, 2014 WL 548110, at *2 (M.D. Fla. Feb. 11, 2014) (citing 20 C.F.R. § 404.1527(d)(1)). Even so, an ALJ cannot simply ignore such an opinion and is required to evaluate the opinion. *Id.*

> The gist of this Ruling is that the ALJ must weigh and evaluate any opinion from a medical source, even if it concerns an ultimate issue reserved for the ALJ. The only restriction on the normal evaluative process is that the ALJ is prohibited from affording such an opinion controlling or significant weight. The ALJ's failure to mention Dr. Drygas's conclusion that Moon is disabled and to discuss the weight afforded to that opinion is therefore error requiring remand.

*Id.* In the instant case, the ALJ was required to evaluate Dr. Fox's opinion even though the opinion found that Plaintiff was disabled. The opinion also contained a number of other findings that relate to Plaintiff's mental health limitations. Thus, the Court finds that the ALJ erred in not acknowledging, addressing, or weighing Dr. Fox's opinion.

The Commissioner next argues that there is good cause to discount Dr. Fox's opinion. (Doc. 17 at 31). The Commissioner claims that good cause exists due to Plaintiff "begging" Dr. Fox to complete the form and due to Plaintiff stating that although he not currently suicidal, "he would think about suicide if his service-connected disability rating were to decrease (Tr. [at]

9

691).ʺ (*Id.*). The Commissioner argues that a treating physician, "who is bound by [sic] to place the priorities of his patient first, would feel obligated to 'opine' that his patient's mental impairment was disabling, notwithstanding significant evidence that the patient's condition responded well to medication." (*Id.* at 32).

The Court finds this argument without merit. There is no evidence in the record that supports a finding that Dr. Fox was swayed by Plaintiff's statements or influenced to complete that PTSD questionnaire other than based on his treatment records and those records in the Department of Veterans Affairs database. (Tr. at 429, 698). Further, the ALJ did not make this finding. Instead, the Commissioner raised it for the first time in the Joint Memorandum. (Doc. 17 at 31-32), The Court cannot affirm the ALJ's decision by relying on the *post hoc* rationale of the Commissioner to support the ALJ's decision, especially when it is unclear whether the ALJ actually considered and/or weighed Dr. Fox's opinion when deciding Plaintiff's RFC regarding his mental limitations. *See Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012).

The Court finds that the ALJ failed to acknowledge, address, or weigh Dr. Fox's opinion. Without such consideration, the Court cannot determine whether the ALJ's RFC finding is supported by substantial evidence. *Winschel*, 631 F.3d at 1178-79. For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence.

### B. Plaintiff's Remaining Arguments

Plaintiff's remaining issues focus on whether the ALJ properly evaluated Plaintiff's mental impairments and whether the ALJ properly considered Plaintiff's VA rating. (Doc. 17 at 19, 21, 25). Because the Court finds that on remand, the Commissioner must reevaluate Dr. Fox's opinion, the disposition of these remaining issues would, at this time, be premature.

**III.     Conclusion**

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

Accordingly, it is hereby **ORDERED** that:

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider: (1) Dr. Fox's opinion in light of the medical evidence of record; (2) the severity of Plaintiff's mental impairments; and (3) Plaintiff's VA rating.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on May 17, 2019.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties